IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MAXINE MEYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:19-cv-835-SMD |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Commissioner's Motion to Remand (Doc. 13) pursuant to sentence six of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Commissioner's Motion did not indicate that it was unopposed; therefore, the undersigned entered an order (Doc. 14) directing Plaintiff to show cause, if any there be, why the Commissioner's Motion should not be granted. Plaintiff did not file an opposition.

As basis for remand, the Commissioner alleges an inability to locate the complete claim file in this case. (Doc. 13) at ¶ 2. Therefore, the Commissioner requests a remand "to locate the complete claim file and, if all the materials are complete, prepare the certified administrative record." *Id*. If the complete claim file is not located, the Commissioner states that "the Appeals Council will remand the case to an administrative law judge for reconstruction of the administrative record and to hold another hearing and issue a new decision." *Id*.

The first portion of sentence six of 42 U.S.C. § 405(g) provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security[.]" Without a complete claim file, the Commissioner cannot compile an administrative record to file with the answer and, ultimately, this Court will be precluded from reviewing the ALJ's decision. Therefore, the Commissioner's inability to compile a complete administrative record for this Court's review establishes good cause to remand this case to the Commissioner of Social Security so that the Commissioner can find the claim file or reconstruct the same. *See* H.R. Rep. No. 96-944 96th Cong., 2d Sess. 59 (1980) (indicating that a lost file is the type of circumstance anticipated by Congress for a sentence six remand).

With entry of this sentence six remand, the Court "does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan,* 501 U.S. 89, 98 (1991). Accordingly, Plaintiff is not a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Schaefer, supra,* 509 U.S. at 297-298, 300-302. "In sentence six cases, the [EAJA] filing period does not begin until after the post-remand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan, supra,* 501 U.S. 102.

Accordingly, it is

ORDERED that the Commissioner's Motion to Remand (Doc. 13) is GRANTED and this case is remanded to the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. § 405(g) for action consistent with the Commissioner's motion to remand. It is further

Although the Court retains jurisdiction over this action under sentence six of § 405(g), the Clerk of Court is DIRECTED to administratively close this case.

Done this 23rd day of March, 2020.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE